# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | CASE NO. 8:08CR175 |
| ) | |
| Plaintiff,  ) | |
| ) | MEMORANDUM |
| vs.  ) | AND ORDER |
| ) | |
| JOHN GORDON and LEE ADKINS,  ) | |
| ) | |
| Defendants.  ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 66) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress (Filing Nos. 44) filed by the Defendant, John Gordon, and the motion to suppress (Filing No. 46) filed by the Defendant, Lee Adkins, be denied. The Defendants filed statements objecting to the Report and Recommendation (Filing Nos. 67, 74)[1] and supporting briefs (Filing Nos. 68, 75) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendants are charged in a two-count Indictment with conspiracy to attempt to manufacture, or manufacture, actual methamphetamine (Count I) and possession of pseudoephedrine with intent to distribute (Count II). (Filing No. 1.) The Defendants seek the suppression of evidence obtained as a result of searches of their residences and a statement that John Gordon gave to law enforcement.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation. (Filing No. 66.) Judge Thalken concluded: sufficient probable cause existed for issuance of the search warrants in question; even if probable cause to issue the search warrants were lacking, the *Leon* good faith exception would allow the admissibility

---

[1]The Defendant, John Gordon, filed his objections as to both Defendants; however, the objections are not jointly filed and pertain only to Gordon. (Filing No. 74.)

of the evidence seized; and Gordon's statement was not the fruit of an illegal search. (Filing No. 66.) Judge Thalken therefore recommended that the motions to suppress be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the encounter. (Filing No. 66, at 2-6.) The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 56.) The Court also carefully viewed the evidence. (Filing No. 57.) Neither party objects to Judge Thalken's factual findings, and the Court adopts those factual findings in their entirety.

The facts consist primarily of the affidavit offered in support of the application for the search warrants. Briefly, the affidavit details: numerous purchases of pseudoephedrine by Adkins and others; the knowledge that Adkins was an associate of other named individuals, including Joseph Hofler; results of surveillance, including the observation of short-term visits by Adkins, to Hofler's apartment; and results of surveillance, including the observation of individuals entering Gordon's residence with what was believed to be pseudoephedrine tablets purchased earlier the same day at four different stores.

## OBJECTIONS

*Gordon's Objections*

Gordon objects to the following conclusions: probable cause existed to support issuance of the search warrant for his residence; the *Leon* good faith exception would apply, assuming that probable cause did not exist; and Gordon's statement was the fruit of an illegal search. (Filing No. 74.)

*Adkins' Objections*

Adkins objects to the following conclusions: probable cause existed to support issuance of the search warrant for his residence; and the *Leon* good faith exception would apply, assuming that probable cause did not exist.[2] (Filing Nos. 67, 68.)

## ANALYSIS

The arguments raised are identical to those raised initially in the motions to suppress. Judge Thalken addressed the issues thoroughly. After viewing the record carefully, the Court agrees with Judge Thalken that, under the totality of the circumstances: probable cause existed to support the issuance of the search warrants; absent probable cause, the *Leon* good faith exception would apply; and Gordon's statement was not the fruit of an illegal search.

---

[2]In the motion and objections, Adkins refers to allegedly stale information being included in the search warrant affidavit. However, the issue of staleness was not briefed either in conjunction with the motion or the objections. Neither did counsel argue the issue of staleness during the evidentiary hearing. Therefore, this issue is considered waived.

## CONCLUSION

For the reasons stated, the Court finds that the defendants' objections should be overruled, the Defendants' motions to suppress should be denied, and the Magistrate Judge's Report and Recommendation should be adopted.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 66) is adopted in its entirety;

2. The Defendants' Statements of Objections to the Report and Recommendation (Filing Nos. 67, 74) are overruled;

3. The motion to suppress (Filing No. 44) filed by the Defendant, John Gordon, is denied;

4. The motion to suppress (Filing No. 46) filed by the Defendant, Lee Adkins, is denied; and

5. In error, counsel for the Defendant, John Gordon, filed his objections as to the Defendants Cheri Hoose, Lee Adkins, David Kendall, Shelly West, and Tina Morrow; the clerk is directed to terminate all of the related docket entries for Filing No. 74).

DATED this 12th day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge